IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:06CR225** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **JACK LEVELL, II,** | ) | |
| | ) | |
| **Defendant.** | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR") and the parties' objections thereto (Filing Nos. 16, 17). See "Order on Sentencing Schedule," ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

The plea agreement provides that the parties recommend that the loss amount for guideline purposes is $598,600.77, and that the Defendant receive a 3-level decrease for his role in the offense. (Filing No. 5.) The plea agreement contemplates a total offense level of 14 which, combined with placement in criminal history category I, results in a sentencing guideline range of 15-21 months, Zone D.

The PSR is based on a loss amount of $271,948, includes a 2-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(4) (defendant is in the business of receiving and selling stolen property), and does not include a role reduction. The PSR contemplates a total offense level of 17 and a guideline range of 24-30 months.

Both parties object to the following: ¶¶ 20, 21 and 32 (loss amount); 23, 24 and 34 (role); and 23-33 (business of receiving and selling stolen property). The Court's tentative findings are that, absent unusual circumstances, the plea agreement should be upheld and

the total offense level should be calculated as level 14 as envisioned by the parties in reaching their plea agreement.

IT IS ORDERED:

1. The Court's tentative findings are that the government's objections (Filing No. 17) to the PSR are granted;

2. The Court's tentative findings are that the Defendant's objections (Filing No. 16) to the PSR are granted;

3. The parties are notified that my tentative findings are that the PSR is correct in all other respects;

4. If **any** party wishes to challenge these tentative findings, the party shall file, as soon as possible but in any event before sentencing, and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5. Absent submission of the information required by paragraph 4 of this order, my tentative findings may become final; and

6. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 2nd day of October, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge